IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**                                  Case No. 2:07-cr-49
                                                                 JUDGE GREGORY L. FROST
    **v.**

**JIMMIE DEAN BATES,**

       **Defendants.**

## ORDER

This matter came on for oral arguments regarding the various notices and motions pending. Counsel for Defendant, Defendant, and counsel for Government appeared. Based upon the arguments presented, the Court enters the following orders:

    1.    On April 12, 2007 Defendant filed a Notice of Intent to Use Affirmative Defenses (Doc. # 20). Defendant has indicated that it may intend to use certain affirmative defenses. Defendant listed as possible affirmative defenses the defenses of self-defense, mutual combat, occupational authority, necessity, call to duty, exercise of public authority, and response to orders. Counsel for Defendant are reminded that proposed jury instructions including potential affirmative defenses are to be filed no later then one week before trial.

    2.    On July 6, 2007 Defendant filed a Motion *in Limine* (Doc. # 31) requesting that the Court issue a preliminary order precluding the introduction of irrelevant "other acts" evidence and requiring that the Government be required to present any "other acts" evidence outside the hearing of the jury to determine admissibility before the evidence or testimony is provided to the jury.

1

The Court finds Defendant's Motion *in Limine* (Doc. # 31) well taken and the Court **GRANTS** the same.  Obviously, irrelevant "other acts" evidence is not admissible.  The parties are ordered to present "other acts" testimony outside the presence of the jury so that the Court may rule on the admissibility of such evidence or testimony in advance of its presentation to the jury.

3. On July 6, 2007 the Government filed a Notice of Intention to Introduce Evidence (Doc. # 32).  Defendant filed a Response (Doc. # 57) on October 12, 2007 that responds, in part, to the Government's Notice.  The Government indicated that it intends to introduce evidence that Defendant generally read inmates' mail and specifically that Defendant and Lamatrice read the "kite" that inmate Robinson send to the Warden; that Defendant played cards while on duty; that Defendant refused to perform rounds in violation of the rules in the prison; that Defendant pressured inmates to provide false statements about the incident in question; that Defendant encouraged Lamatrice to falsify his report of the incident; that Defendant lied to the FBI during its investigation; and that Defendant segregated Robinson and Twyman in different recreational cells before the incident in violation of prison rules.  The Government argues that the evidence is background or "*res gestae*" evidence being introduced to complete the story of the charged offenses.  Alternatively, the Government contends that the evidence is admissible as Fed. R. Evid. 404(b).

Regardless of whether the testimony is being introduced as "*res gestae*" evidence of Fed. R. Evid. 404(b) evidence, the testimony must first clear the relevance hurdle.  This Court finds that some of the proposed testimony is relevant and some is not.  The Government has failed to convince this Court that it is relevant to this action that Defendant generally reads inmates' mail.

Although, specifically on the date of the alleged incident, the fact that Defendant allegedly read the "kite" is relevant.  Similarly, the fact that Defendant allegedly did not generally perform rounds in the prison as required is not relevant to this case and will not be admitted.  All of the other proposed evidence is relevant and admissible as background evidence.   The proposed evidence is not Fed. R. Evid. 404(b) "other acts" evidence.

    4.    On July 6, 2007 the Government filed a Motion *in Limine* to Exclude or Limit Evidence (Doc. # 33) in which the Government requests that this Court issue a preliminary evidentiary ruling to limit or exclude from trial evidence of the victim's and other inmate witnesses' criminal histories, specific instances of the victims's and other inmate witnesses' disciplinary histories, and the victim's and other inmates witnesses' drug and alcohol use.  Defendant's counsel acknowledged that they are aware of the Fed. R. Evid. 609 requirements and will follow that rule.

    There may be some specific evidence in the alleged victim's history that may be relevant.  The Court instructs Defendant to proffer such evidence outside the presence of the jury so that an advanced ruling can be made.  The Government's Motion *in Limine* is **GRANTED** but, as with all *in limine* decisions, this order is subject to modification should the facts and circumstances at trial differ from that which has been presented in the pre-trial motions and memoranda.

    5.    On July 9, 2007 the Government filed a Request for Discovery (Doc. # 34).  Counsel for Defendant agreed to provide discovery to the Government no later then November 30, 2007.

    6.    On July 11, 2007 Defendant filed a Motion for Disclosure of Statements of Alleged Co-Conspirators (Doc. # 35).  The Government orally responded at the hearing indicating that

Defendant has received all of the information regarding Lamatrice and there is no other information available.  The Court reminds the Government of its continuing duty to supplement discovery.  However, based upon the representations made at the oral hearing, the Court finds Defendant's Motion for Disclosure of Statements of Alleged Co-Conspirators (Doc. # 35) to be **MOOT**.

      7.    On July 11, 2007 Defendant filed a Motion for Pre-Trial Production of Jencks Act Material (Doc. # 36).  The Government recognizes its duty to provide the Jencks Act information pursuant to 18 U.S.C. §3500 and will provide the same to Defendant on or before January 11, 2008.  The Motion for Pre-Trial Production of Jencks Act Material (Doc. # 36) is **GRANTED**.

      8.    On July 11, 2007 Defendant filed a Motion for the Government to Provide the Identity of Informants, Their Criminal Records, Promises of Immunity, and/or Threats of Prosecution, and Other Evidence Relating to Bias or Credibility (Doc. # 27).  The Government indicated at the hearing that the discovery information would be provided by January 2, 2008.  The motion (Doc. # 37) is **GRANTED**.

      9.    On July 26, 2007 Defendant filed a Motion for Production of Exculpatory Evidence (Doc. # 45).  Again, the Government at the hearing recognized its duty to provide the requested information and will do so by January 2, 2008.  The motion is **GRANTED**.

      10.    On July 26, 2007 Defendant filed a Request for Notice of Intention to Use Evidence (Doc. # 46).  A Notice of Intention to Introduce Evidence (Doc. # 32) was filed by the Government on July 6, 2007.  The request is therefore **MOOT**.

      11.    On July 26, 2007 Defendant filed a Motion for Pretrial Notice of Other Evidence Which the Government Intends to Introduce at Trial (Doc. # 47).  The Defendant requests that

the Government provide notice of its intent to use "other acts" evidence pursuant to Fed. R. Evid. 404(b).  At the hearing, the Government indicated that it has submitted the audio tape transcript of a recording Defendant made during the investigation and that it intends to play the audio tape during trial.  Defendant's counsel acknowledged the receipt of the audio tape and transcript.  No other "other acts" evidence was revealed at the hearing and the Court has already found the information provided in the Notice of Intention to Introduce Evidence (Doc. # 32) is background/*res gestae* evidence and not Fed. R. Evid 404(b) evidence.  If the Government or Defendant intends to use any other evidence as Fed. R. Evid. 404(b) evidence, the Court reminds the parties of the obligation to provide "reasonable notice in advance of trial."

12.  Finally, on October 12, 2007 Defendant filed his Response to the Government's Notice of Intention to Use Evidence and Motion *in Limine* (Doc. # 57).  In the Response, Defendant makes reference to certain "bad acts" attributable to Defendant (pages 3-4).  With the exception of alleged card playing which this Court has found may have some relevance because it was referenced in the "kite," the Court finds that the remainder of the list is not relevant and the Government indicated at the hearing that it does not intend to introduce evidence concerning the "bad acts" listed in pages 3-4 of the Response.  Additionally, the Court finds that references to Defendant's alleged drug trafficking in the prison and general allegations that Defendant did not perform his duties are irrelevant and not admissible.  Specific allegations concerning reading the "kite" are admissible but general allegations of ready inmates' mail in the past are not admissible.  The reason why inmate Robinson was segregated from the general population in the prison may be relevant depending on what the evidence reveals.  Specific instances of inmate Robinson's violations in prison may be relevant, depending on what that specific evidence may

be.

The Court encourages the parties to request a hearing in advance of trial if any discovery issues are not resolved or if the parties are not clear on the *in limine* orders issued herein.

**IT IS SO ORDERED.**


    /s/   **Gregory L. Frost**
Gregory L. Frost
United States District Judge